UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
GF VENTURES OF NY, LLC

                              Plaintiff,

        v.                                          11-cv-1105

BLOUNT ENERGY INC., LEHIGH GAS CORP.,
and SUNOCO, INC. (R&M)

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

        Plaintiff GF Ventures commenced the instant action against Defendant Sunoco seeking to

impose a constructive trust on certain real property purchased by Defendant Sunoco from Defendants

Lehigh and Blount.  Presently before the Court is Plaintiff's motion for reconsideration of the Court's

February 13, 2012 Order that granted Defendant Sunoco's motion to dismiss.

        A motion for reconsideration is generally governed by Fed. R. Civ. P. 59(e) and/or 60(b) and

Local Rule 7.1(g).  Reconsideration of a court's prior ruling is an "extreme remedy only to be employed

sparingly in the interests of finality and conservation of scarce judicial resources."  Stewart Park and

Reserve Coalition, Inc. v. Slater, 374 F.Supp.2d 243, 253 (N.D.N.Y. 2005).  The standard for granting

a motion for reconsideration is "strict" as such a motion "is not a vehicle for reargument or asserting

arguments that could and should have been made before [the order] was issued."  Id.  Thus, a motion

for reconsideration will "not be granted where the moving party seeks solely to relitigate an issue

already decided."  Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir.1995).  The three grounds upon

which a motion for reconsideration may be granted are: (1) an intervening change in controlling law;

(2) availability of new evidence not previously available; or (3) to correct a clear error of law or

prevent manifest injustice.  Flemming v. Goord, 2011 WL 1541366, at *1 (N.D.N.Y. 2011).

Upon reviewing Plaintiff's motion, the Court finds that reconsideration is not warranted.

Four elements are required for the imposition of a constructive trust: "(1) a confidential or fiduciary

relationship; (2) a promise, express or implied; (3) a transfer of the subject res made in reliance of that

promise; and (4) unjust enrichment."  United States v. Culuccio, 51 F.3d 337, 340 (2d Cir. 1995).  "The

fourth element is the most important since 'the purpose of the constructive trust is prevention of unjust

enrichment.'"  In re First Central Financial Corp., 377 F.3d 209, 212 (2d Cir. 2004) (quoting Simonds v.

Simonds, 45 N.Y.2d 233, 242 (1980)).  An action to recover on the theory of unjust enrichment is

based on the equitable principle that a party must not be allowed to enrich itself unjustly at the expense

of another.  Sharp v. Kosmalski, 40 N.Y.2d 119, 123 (1976).  Here, Plaintiffs Complaint asserts that a

constructive trust should be imposed because Defendant Sunoco purchased property to which Plaintiff

had a statutory right of first refusal.  These allegations do not plausibly allow the Court to draw an

inference of unjust enrichment.  Plaintiff fails to allege how Defendant Sunoco was enriched by the

sale of the property at Plaintiff's expense.  The Complaint recognizes that Defendant paid consideration

in the amount of $350,000 for the purchase of the property.  There are insufficient factual, non-

conclusory allegations plausibly suggesting that Sunoco did not pay fair market value for the property,

that it otherwise was aware of any problems that might be attendant to the sale, or other factors

suggesting that it was unjustly enriched at Plaintiff's expense.  Because Plaintiff's motion does not

identify any intervening change in controlling law, new evidence not previously available, or the need

to correct a clear error of law, the motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: April 12, 2012

Thomas J. McAvoy
Senior, U.S. District Judge